UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KFC CORPORATION and KFC US, LLC,                                         Plaintiffs,

v.                                                         Civil Action No. 3:20-cv-279-DJH-CHL

SYED KAMAL et al.,                                                        Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs KFC Corporation and KFC US, LLC (collectively "KFC") allege that KFC franchisees Gas Investments Corporation and Liberty Gas, LLC breached their franchise agreements, infringed KFC's trademarks and trade dress, and engaged in unfair competition by failing to make required payments and continuing to operate as fried-chicken restaurants after termination of the agreements. (Docket No. 1)  KFC also sued the franchisees' owner, Syed Kamal, for breach of his guaranty. (*See id.*, PageID # 16-17)  KFC seeks a preliminary injunction preventing the defendants from operating fried-chicken restaurants that purport to be KFC franchises. (D.N. 7)  Briefing on the motion for preliminary injunction was stayed pending settlement negotiations between the parties. (D.N. 12)  The defendants then filed a motion to dismiss for lack of personal jurisdiction and improper venue (D.N. 15), and the Court heard oral argument on that motion. (D.N. 25)  For the reasons explained below, the Court will deny Defendants' motion to dismiss and resume proceedings on KFC's motion for preliminary injunction.

**I.**

The following facts are set out in the verified complaint.  KFC entered a franchise agreement with Syed Kamal in December 2005, allowing Kamal to operate a KFC restaurant in

1

Katy, Texas. (D.N. 1, PageID # 6-7) Kamal later assigned that franchise to GAS Investments Corporation. (*Id.*, PageID # 7) In 2010, KFC entered a franchise agreement with Liberty GAS Incorporated for the operation of a KFC restaurant in Liberty, Texas. (*Id.*) Both agreements were amended in February 2015. (*Id.*) The Amended Franchise Agreements licensed the franchisees to use KFC trade and service marks as well as "nationally recognized methods of preparation and service of K[entucky] F[ried] C[hicken] and KFC brand chicken and other food products." (*Id.*, PageID # 7-8) In return, the franchisees agreed to pay monthly royalties to KFC and monthly advertising fees to the KFC National Council and Advertising Cooperative. (*Id.*, PageID # 8) Kamal was the "authorized agent for all transactions with KFC and the person responsible for the control and operation of" the Katy and Liberty restaurants. (*Id.*) Kamal and his wife also signed a guaranty agreement for each restaurant, making them personally responsible for "the performance, payment, and discharge of all of the Franchisees' indebtedness and obligations to KFC and the National Co-Op." (*Id.*, PageID # 9)

Defendants failed to pay the required royalty and advertising fees, resulting in termination of their licenses under the Amended Franchise Agreements. (*Id.*; *see id.*, PageID # 10) KFC notified Defendants of the termination and demanded that they fulfill the post-termination obligations set out in the Amended Franchise Agreements. (*Id.*, PageID # 10) The parties entered into a limited reinstatement agreement "to afford Franchisees a six-month window to wind down the business in an orderly fashion and to ensure an orderly de-identification of the Restaurants in a manner that would protect the KFC Marks." (*Id.*) The Reinstatement Agreement was extended twice, giving Defendants until March 1, 2020, to wind down operations. (*Id.*, PageID # 11-12) Nevertheless, "Defendants failed to cease doing business and to otherwise comply with numerous Post-Termination Obligations," such as de-imaging the restaurants. (*Id.*, PageID # 12)

KFC filed this action on April 17, 2020, and moved for a preliminary injunction approximately one week later. (D.N. 1; D.N. 7) The Court stayed briefing on that motion to accommodate the parties' settlement negotiations, which were unsuccessful. (*See* D.N. 12; D.N. 16) Meanwhile, Defendants moved to dismiss, arguing that the Court lacks personal jurisdiction over them and that venue is improper in this Court.[1] (D.N. 15) Following briefing and a hearing on the motion to dismiss, KFC moved for a hearing on its motion for preliminary injunction. (D.N. 29)

## II.

"The plaintiff bears the burden of establishing the existence of personal jurisdiction" over each defendant as to each claim. *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 548 (6th Cir. 2016) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)); *see* Wright & Miller, 6A Federal Practice & Procedure Civ. § 1588 (3d ed.). Here, KFC alleges that "[p]ersonal jurisdiction over Defendants is . . . proper pursuant to the terms of the parties' contract" and under Kentucky's long-arm statute. (D.N. 1, PageID # 2) "[T]he terms of the parties' contract" refers to a forum-selection clause in the Reinstatement Agreement—notably, the only one of the parties' various agreements that contains such a provision. (*Id.*; *see* D.N. 1-14, PageID # 188) According to KFC, that forum-selection clause governs here (D.N. 18, PageID # 391-92); Defendants, however, maintain that the clause is unenforceable. (D.N. 19) Because personal jurisdiction can be waived by a valid forum-selection clause, *see Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006), the Court must first decide whether the clause should be enforced. *See id.*

---

[1] Defendants also argued that they had not been properly served. (*See* D.N. 15, PageID # 368-70; D.N. 19, PageID # 426-28) During the hearing on the motion to dismiss, however, defense counsel acknowledged that service had been effected and that the issue of service was therefore moot.

**A.**

The disputed provision reads as follows:

> <u>Choice of Law, Jurisdiction, and Venue</u>.  This Agreement and the Franchise Agreements and Ancillary Agreements reinstated by this Agreement will be interpreted according to the laws of the Commonwealth of Kentucky.  Franchisor, Franchisee and Guarantor irrevocably submit to the exclusive jurisdiction and venue of the state and federal courts of Louisville, Kentucky, and waive any objection to the jurisdiction and venue of such courts.  The exclusive choice of jurisdiction does not preclude the bringing of any action by the Parties for the enforcement of any judgment in any other appropriate jurisdiction.

(D.N. 1-14, PageID # 190)  Defendants, citing a decision from the Court's sister district, argue that this language is ambiguous because "it 'is capable of more than one result' and may 'lead to absurd results.'"  (D.N. 19, PageID # 419 (quoting *Megacorp Logistics, LLC v. Turvo, Inc.*, No. 17-109-DLB-CJS, 2018 U.S. Dist. LEXIS 28256 (E.D. Ky. Feb. 22, 2018)))  But the forum-selection clause in *Megacorp* was analyzed under California law.  *See* 2018 U.S. Dist. LEXIS 28256 at *11-*12.  In Kentucky, "[a]n ambiguous contract is one capable of more than one different, *reasonable* interpretation."  *Hammond v. Commonwealth*, 569 S.W.3d 404, 410 (Ky. 2019) (emphasis added) (quoting *Cent. Bank & Tr. Co. v. Kincaid*, 617 S.W.2d 32, 33 (Ky. 1981)).  An interpretation that leads to an absurd result is by definition not reasonable.  *See Riddle v. Sec'y of Health & Human Servs.*, 817 F.2d 1238, 1243 (6th Cir. 1987) (noting that "'reasonable' simply means 'not absurd,' 'not ridiculous,' 'not conflicting with reason'" (quoting 2 *Webster's Third New International Dictionary Unabridged* 1892 (1965))), *vacated on other grounds*, 823 F.2d 164 (6th Cir. 1987).  And interpretation of the forum-selection clause to mean that "the Parties intended to be bound to the state and federal court of Louisville, Kentucky for the litigation of all matters, whether between the parties or not, and for perpetuity" would, as Defendants point out, be "absurd."  (D.N. 19, PageID # 419-20)

4

Moreover, the forum-selection clause must be read in context. *See Maysville Marketsquare Assocs. L.P. v. Kroger Co.*, 241 F. App'x 257, 259-60 (6th Cir. 2007) (citing *Int'l Union of Operating Eng'rs v. J.A. Jones Constr. Co.*, 240 S.W.2d 49, 54 (Ky. 1951)). The sentence immediately preceding the clause states: "This Agreement and the Franchise Agreements and Ancillary Agreements reinstated by this Agreement will be interpreted according to the laws of the Commonwealth of Kentucky." (D.N. 1-14, PageID # 190) In light of this language and in the absence of any other indication as to the scope of the forum-selection clause, the clause cannot reasonably be read to mean that the parties would be bound "to the state and federal court[s] of Louisville, Kentucky for all matters in all disputes, regardless [of whether] the dispute arises out of or [is] related to the Parties' contractual relationship," as Defendants suggest, or "that the Parties intended the forum selection clause to involve only the Reinstatement Agreement." (D.N. 19, PageID # 420) Rather, the only reasonable interpretation of the clause is that it applies to disputes arising from the agreements just identified: the Reinstatement Agreement and the agreements it reinstated. *See Bracken v. Dasco Home Med. Equip., Inc.*, No. 1:12-CV-892, 2013 U.S. Dist. LEXIS 90628, at *20-*22 (S.D. Ohio June 27, 2013) (finding that forum-selection clause covered only matters related to instant agreement where sentence immediately preceding the clause "require[d] the application of Ohio law to *the Agreement*" and nothing in the agreement suggested "an intent to broadly apply the forum selection clause to all aspects of" the parties' relationship). The clause thus is not ambiguous, and the Court will not consider extrinsic evidence. *See Nature Conservancy, Inc. v. Sims*, 680 F.3d 672, 676 (6th Cir. 2012) (citing *3D Enters. Contracting Corp. v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005)). Further, because each of KFC's claims arises from the Reinstatement Agreement and the agreements it reinstated (*see* D.N. 1), the forum-selection clause covers all claims asserted in the complaint.

5

**B.**

Defendants also contend that it would be "unfair or unreasonable" to require Kamal to litigate in the Western District of Kentucky during the current pandemic given Kamal's advanced age and unspecified health issues. (D.N. 19, PageID # 423 (quoting *Prezocki v. Bullock Garages*, 938 S.W.2d 888, 889 (Ky. 1997)); *see id.*, PageID # 421-24). The Court is well aware of the risks surrounding COVID-19 and has taken numerous precautions to mitigate those risks for litigants. Jury trials have been suspended for much of 2020 and early 2021, and routine proceedings in civil cases are being held by phone or video conference until it is safe to resume in-person proceedings. *See* General Order 20-25. Kamal thus will not be forced to travel to Kentucky for purposes of this litigation while the pandemic is ongoing.

To the extent Defendants seek to avoid the forum-selection clause on the ground that they "are not sophisticated business entities with the ability or knowledge to comprehend the effect of" such a provision (D.N. 19, PageID # 421), their argument likewise fails. It is a basic principle of contract law that "one who signs a contract which he has had an opportunity to read and understand[] is bound by its provisions." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1016 (6th Cir. 2003) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000)). Defendants contractually agreed to venue and jurisdiction in this Court (D.N. 1-14, PageID # 188), and as explained above, that agreement is enforceable.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Defendants' motion to dismiss (D.N. 15) is **DENIED**.

(2)     Defendants shall respond to the motion for preliminary injunction (D.N. 7) on or before **January 11, 2021**. KFC's reply shall be due on or before **January 25, 2021**.

(3)     This matter is set for a hearing on the motion for preliminary injunction on **February 8, 2021, at 10:00 a.m.** by videoconference. Instructions for connecting to the videoconference will be sent directly to counsel.

(4)     No later than the close of business **February 1, 2021**, the parties shall submit witness and exhibit lists for the hearing.

(5)     This matter is **REFERRED** to Magistrate Judge Colin H. Lindsay for a status conference to discuss any prehearing evidentiary disputes, potential stipulations, and potential for settlement.

(6)     KFC's motion for a hearing on the motion for preliminary injunction (D.N. 29) is **DENIED** as moot.

December 22, 2020

David J. Hale, Judge
United States District Court